PATTERSON v. ADCOCK.

Opinion delivered February 12, 1923.

1. CERTIORARI—ACT OF JUDGE IN MINISTERIAL CAPACITY.—A county court or judge thereof in making an order for an election as to the question of restraining the running of stock in the county in pursuance of a petition of voters to that effect, as provided by Sp. Acts 1921, p. 1, and in entering, after the election, the order declaring such law to be in effect, acts in a ministerial, and not in a judicial or *quasi* judicial, capacity.

2. CERTIORARI—MINISTERIAL ACTS.—Certiorari will not lie to correct ministerial acts, even though involving discretion.

3. CERTIORARI—REVIEW OF COURT'S JUDGMENT IN STOCK LAW ELECTION.—If the county court has jurisdiction to hear a contest

over the result of a stock law election held under Sp. Acts 1921, p. 1, which is not decided, a judgment of that court sustaining a demurrer to and dismissing a petition attacking the legality of the election was not void on its face, however erroneous it may have been, and a review of it must be by appeal to the circuit court, and not by certiorari.

4. CERTIORARI—EFFECT OF QUASHING.—Though the Supreme Court will quash a writ of certiorari, seeking to bring up for review proceedings of a lower court, where appeal, and not certiorari, is the proper remedy, it will not affirm the order of the lower court where such order was not a judgment but merely a ministerial act, such as an order of a county judge declaring a stock law to be in effect as provided by Sp. Acts 1921, p. 1.

5. ANIMALS—CONTEST OF STOCK-LAW ELECTIONS.—Since Sp. Acts 1921, p. 1, providing for a special stock law election, does not provide for hearing of such election contests, and no other statute makes provision therefor, the county court has no jurisdiction to hear such contest.

6. ANIMALS—CONTEST OF STOCK-LAW ELECTIONS.—Where nothing is involved except a contest of the result of a stock-law election, the circuit court has jurisdiction, but where property or contractual rights are involved, the chancery court likewise has jurisdiction to determine such election contest and to afford relief where the statute has not been properly put into force.

7. STATUTES—VALIDITY OF STOCK LAW.—Sp. Acts 1921, p. 1, providing for a special election on the question of restraining stock, is not invalid for failure to provide for a contest of such election, as a remedy therefor exists under the general laws of the State.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; reversed.

*B. E. Carter* and *J. M. Carter,* for appellants.

1. The demurrer to the petition for certiorari should have been sustained. The writ will not lie for the mere correction of errors or irregularities in proceedings in the inferior court. 61 Ark. 605; 144 Ark. 169, 35 Ark. 95; 25 Ark. 213; 47 Ark. 511; 70 Ark. 71; 37 Ark. 318; 80 Ark. 200.

2. The county court had jurisdiction of the whole proceeding. See act No. 4, Special Acts 1921, approved January 21, 1921, section 1.

3.   Petitioners had the right of appeal open to them under the general statute, and it is immaterial that the special act did not specifically provide for an appeal. C. & M. Digest, § 2287; 134 Ark. 292.

4.   The circuit court erred in overruling the motion to quash the writ and to affirm the judgment of the county court, putting in force the stock law in the township.   147 Ark. 581.

*Louis Josephs, James D. Head* and *Pratt P. Bacon*, for appellees.

1.   Since the demurrer was general, it was proper to overrule it, if the complaint stated a cause of action in any particular, even though defectively.   If, as alleged in the complaint, the county court had no jurisdiction to order the election, because twenty-five per cent. of the voters of the township had not petitioned in writing therefor, and if it exceeded its jurisdiction in ordering the election, this entitled appellees to the writ of certiorari.   61 Ark. 605; 126 Ark. 125.   The circuit court has the right, and it was proper for it to hear evidence *de hors* the record, to determine the jurisdiction of the county court in the particulars alleged in the complaint. C. & M. Digest, § § 2237, 2238; 126 Ark. 125, 134; 153 Ark. 188.

2.   The complaint alleges, and the demurrer admits, that the appellant failed to give the notice of the election for the time and in the manner required by the statute.   See § 2 of the special act.   This notice was a necessary prerequisite to a valid election.   If it was not valid, all proceedings grounded on the election were void, and the county court exceeded its jurisdiction when it issued the restraining order.   116 Ark. 291; 153 Ark. 50; *Id*. 188.   The notice required was jurisdictional.   83 Ark. 542, see also 94 Ark. 54.   This is a special statutory proceeding, and jurisdictional facts must affirmatively appear of record.   51 Ark. 39; 65 Ark. 142; 103 Ark. 405; 117 Ark. 258; 129 Ark. 207; 134 Ark. 100.

3. The county court was performing ministerial duties under this act, and, that being true, there was no right of appeal. 153 Ark. 50.

4. Appellees appealed from the order and judgment of the county court sustaining a demurrer to their petition, and also from the restraining order, and afterwards obtained the certiorari issued in this case, and at all times have prosecuted both remedies. They cannot therefore be held to have made an election of one remedy over the other, as was done in the Bertig case, 147 Ark. 583; and if the judgment here is reversed, appellees should be left free to prosecute their appeal. 15 Cyc. 262; 71 N. W. 634.

McCulloch, C. J. There is a special stock law in Miller County, enacted by the General Assembly of 1921 (Special Acts 1921, p. 1), which provides, in substance, that whenever twenty-five per cent. of the electors of any township shall petition the county court for the privilege to vote on the question of restraining stock in that township, "the county court, or the judge thereof, shall make an order for an election in such township," the election to be held at the general election, if there be one within six months of the date of the filing of the petition, and if not, at a special election to be held within ninety days after the filing of the petition; that notice of the election shall be given by publication in a newspaper, and that the election shall be held in accordance with the general election laws of the State. The statute further provides that the judges of the election shall make returns to the county election commissioners, who shall canvass the returns and make and file a certificate of the result with the county clerk, and publish the same for one insertion in a newspaper having a circulation in the township. It is further provided that, if a majority of the vote be in favor of restraining stock in the township, "the county court, or judge thereof, shall, immediately after the filing of said certificate by the county election commissioners,

make an order restraining such animals specified in the petition from running at large in said township.''

A petition was filed with the county court of Miller County, asking that an election be held in Sulphur Township, pursuant to the terms of said statute, for the purpose of putting the law into effect in that township. An election was ordered by the county judge, or county court, and was held in accordance with the order, the majority of the votes, as certified by the election commissioners, being in favor of putting the law into effect in the township.

Immediately after the filing of the certificate by the election commissioners, appellees, who are residents and property owners in Sulphur Township, filed in the county court a petition alleging errors, irregularities and fraudulent voting in the election, and alleging that a majority of the qualified electors voting at the election did not vote in favor of putting the law into operation. The appellants appeared in response to this petition and asked that they be made parties for the purpose of resisting it, which was done.

Appellants demurred to the petition in the county court on the ground that there was no authority for the county court to hear a contest of the election, and the county court sustained the demurrer, and entered an order, in accordance with the statute, restraining the running at large of stock in the township. Appellees then filed their petition in the circuit court of Miller County, praying for a writ of certiorari to bring up and quash the order of the county court ordering the election and entering the order restraining the running at large of stock. They alleged in their petition that the order of the county court for the election was void for the reason that twenty-five per cent. of the electors of Sulphur Township had not petitioned the court, and that the election was void for the reason that notice had not been published in the manner prescribed by the statute.

Appellants appeared and demurred to the petition, and the court overruled the demurrer, and appellants stood upon the demurrer without pleading further, whereupon the circuit court entered a judgment quashing the orders of the county court, and an appeal has been prosecuted from that judgment.

The county court, or the judge thereof, in making the order for the election and entering the order pursuant to the election acted ministerially, and not in a judicial or *quasi*-judicial capacity. *Thompson* v. *Trice,* 145 Ark. 143; *Capps* v. *Judsonia-Steprock Road Improvement District,* 154 Ark. 46.

The order restraining the running at large of stock was a mere entry of the result of the election as certified by the election commissioners, and was likewise ministerial in its nature.

Certiorari will not lie to correct a purely ministerial act, even though the performance of the act involves discretion. *Pine Bluff Water & Light Co.* v. *Pine Bluff,* 62 Ark. 196; *McConnell* v. *Ark. Brick & Mfg. Co.,* 70 Ark. 568: *State* v. *Railroad Commission,* 109 Ark. 100; *Hall* v. *Bledsoe,* 126 Ark. 125.

The statute contains no provision conferring upon the county court authority to hear a contest over the result of the election, but if that court possesses jurisdiction to hear such a contest—which we do not deem it necessary to decide at this time—a review of the judgment in such a contest must be by appeal and not by certiorari, unless the judgment is void on its face. *Pritchett* v. *Road Improvement District,* 142 Ark. 509.

Conceding, as before stated, that the county court had jurisdiction to hear a contest, the judgment of that court sustaining the demurrer and dismissing the petition was not void on its face, however erroneous it might have been.

The general statutes of the State provide for appeals from all judgments of the county court, and an appeal might have been prosecuted under that statute.

Crawford & Moses' Digest, § 2287; *Missouri Pacific R. Co. v. Conway County Bridge District,* 134 Ark. 292.

It follows therefore that the judgment of the circuit court is erroneous, and the same is reversed, with instructions to sustain the demurrer of appellants and quash the writ.

It is so ordered.

McCulloch, C. J., (on motion to modify the judgment and opinion of this court). Counsel for appellants insist that the directions to the lower court should be to quash the writ of certiorari which brought up for review the proceedings in the county court, and affirm the judgment of the county court, in accordance with the rule of practice announced in the case of *Bertig Bros. v. Independent Gin Co.,* 147 Ark. 581.

In the case referred to there was a judgment of the circuit court, and, after reviewing it on certiorari, we found that the judgment was valid on its face, and we not only quashed the writ but affirmed the judgment. The difficulty, however, in the present case is that, according to the views expressed in the original opinion, there was no judgment of the county court to affirm. There was merely the order of the county court, or county judge, made in a ministerial capacity and not in any judicial or *quasi*-judicial capacity. All that can be done now is to quash the writ of certiorari, as was directed in the former opinion and judgment of this court.

It is insisted, further, that we should decide whether or not the county court had jurisdiction to hear the contest, and, if not, where the jurisdiction was vested.

The statute under which the proceedings were had in the organization of the district makes no provision for a contest before any court or other tribunal, nor is there any other statute which provides for a contest of an election of this kind. The provisions of the Constitution of 1874 and all of our general statutes on the subject of contests of elections relate solely to contests of

·elections of public officers. It is clear therefore that, since there is no statutory provision for hearing a contest of this ̇sort in the county court, such jurisdiction cannot be there exercised. In the former opinion we refrained from passing on that question, but we deem it proper now to extend the opinion by expressly holding that there is no authority for such a contest in the county court.

The further inquiry presents itself as to where the jurisdiction rests. In *Harrington* v. *White,* 131 Ark. 291, we permitted the exercise of jurisdiction in such a case by the chancery court, without deciding whether the jurisdiction should properly have been exercised by the circuit court or by the chancery court. All unassigned jurisdiction under the Constitution is vested in the circuit court (art. 7, § 11, Constitution of 1874), and it has been held by this court that jurisdiction in election contests not otherwise provided for fall within the jurisdiction of the circuit court under this provision of the Constitution. *Payne* v. *Rittman,* 66 Ark. 201; *Whittaker* v. *Watson,* 68 Ark. 555; *Sumpter* v. *Duffie,* 80 Ark. 369.

It follows from these decisions that, where nothing is involved except a contest of the result of an election, the circuit court has jurisdiction. This, however, does not exclude the jurisdiction of the chancery court under all circumstances. On the contrary, we are of the opinion that where property or contractual rights are involved in the result of an election putting into force a statute like the one involved in this inquiry, the chancery court has jurisdiction to hear and determine the contest and to afford relief where the statute has not been properly put into force. 8 Standard Proc. p. 16; *Red River Furnace Co.* v. *Tenn. Central R. Co.,* 113 Tenn. 697; *Pickett* v. *Russell,* 42 Fla. 116; *Wilton* v. *Pierce County,* 61 Wash. 386.

It would be premature to discuss now the limitations upon the exercise of this jurisdiction, but we merely content ourselves by deciding that either the circuit court or

the chancery court has jurisdiction under certain circumstances to hear and determine a contest like the one involved in this case.

We do not think that the validity of the statute authorizing the formation of the district is affected by the fact that the statute makes no provision for a contest of the election. If a remedy exists in any of the courts under the Constitution and general laws of the State, the special statute is not invalid by reason of its failure to provide a remedy.

The motion to modify the judgment of this court is overruled.