## HUTTO v. ROGERS.

### 4-4082

Opinion delivered November 18, 1935.

*R. W. Robins,* for appellants.

*Clark & Clark* and *Culbert L. Pearce,* for appellees.

HUMPHREYS, J. This suit was brought by taxpayers, appellees, against J. A. Hutto, county judge, John Griffith, county clerk, and members of the duly appointed election commissioners in the chancery court of Faulkner County on November 14, 1934, to review their several actions resulting in a failure to place on the several ballots to be used in the general election on November 6, 1934, the ballot title furnished said board of proposed initiative act No. 1, entitled, "An act for the purpose of fixing the compensation and expenses of certain officials of Faulkner County, Arkansas, and of fixing the number of their deputies, assistants and clerks, and of fixing the manner in which such compensation and salaries shall be paid, and for the purpose of effecting economies in the expense of government in said county."

It was alleged in the complaint that the petition conforming to all the requirements to initiate said act was filed with the county clerk and county judge on August 21, 1934, which was receipted for by them, and that on the 29th day of September, 1934, a certificate was issued to the petitioners by the county clerk stating that the requisite number of legal and qualified electors had signed the petition which authorized said act to be placed upon the ballot in accordance with Amendment No. 7 to the Constitution of Arkansas; that a certified copy of the petition was published according to law, and a certified copy thereof served upon the election commissioners; that on October 29 the county clerk issued a second certificate without notice to petitioners that the original petition did not contain the signatures of a sufficient number of legal and qualified electors to entitle the ballot title of said initiative act to be placed upon the ballots which were to be used in said election; that learning of action of the clerk and the intention of the election commissioners on November 1, 1934, to leave off of the official ballots the ballot title of said act, they informed the people of Faulkner County through the press and by circulars that they were entitled to vote on the proposed salary act and that rubber stamps would be furnished them on election day with instructions how to use them; that on November 3, the board of election commissioners authorized the publication of and statement to the effect that the election commissioners would not count votes so cast; that on election day, November 6, 1934, rubber stamps with the ballot title of said act with "for the act" were furnished to the voters so that they might stamp their votes for the act on the back of the ballots; that on the day of the election, 2,101 ballots were legally cast by the qualified electors, and that 1,187 were imprinted and stamped with the rubber stamps bearing the ballot title of said proposed act; and that the election board refused to take notice and certify the votes thus cast for the proposed initiative act.

The prayer of the complaint is as follows: "Wherefore, premises being seen, plaintiff prays the court

to require the county clerk to send up said initiative petition and the certificate, both first and second, issued by him concerning the sufficiency thereof; that the board of election commissioners be required to send up a certificate showing the number of votes cast in the said general election and the number of ballots on which the electors stamped and imprinted their vote for said initiative act; that full and complete review be made of the sufficiency of said initiative petition, as provided in paragraph 16 of Amendment No. 7 of the Constitution, to the end that the true facts may be ascertained, declared and enforced.

"And, finally, that the acts of the county clerk in issuing said second certificate and of the board of election commissioners in leaving the ballot title of said act off of the ballots used in said election, be declared wrongful, illegal, fraudulent and amounting to a denial of a constitutional right; that all votes cast for said proposed initiative act by the use of said rubber stamps be declared regular and legal in all respects; that the board of election commissioners be required to count and certify all such votes, same as if the ballot title had in fact been printed on said ballots that said proposed initiative act be declared duly adopted and enforceable, and that plaintiffs be granted all other and proper equitable relief, both special and general, legal and equitable."

A demurrer was filed to the complaint and carried forward in the answer challenging the jurisdiction of the chancery court to try the case. An answer was then filed by appellees denying the material allegations of the complaint. The demurrer was overruled on the ground that the chancery court had jurisdiction to try the cause, and the court proceeded to try same on an agreed statement of facts and oral testimony. The trial court rendered a decree to the effect that said proposed act had been legally adopted and was a law, from which decree is this appeal.

Under our view of this case, it is unnecessary to incorporate the agreement of facts and the substance of the oral evidence. The complaint was filed after the election for the purpose of determining whether initiative

act No. 1, relative to fixing the salaries of certain county officers and their deputies, had been legally adopted by the qualified electors voting in said election. It is well settled in this State that equity has no jurisdiction to try election contests. *Hester* v. *Bourland*, 80 Ark. 145, 95 S. W. 992; *Gladish* v. *Lovewell*, 95 Ark. 618, 130 S. W. 579; *Davis* v. *Wilson*, 183 Ark. 271, 35 S. W. (2d) 1020.

It is contended by appellees that jurisdiction was vested in chancery courts by the Constitution of the State, and in support of their contention call our attention to §§ 16 and 17 of Amendment No. 7 to the Constitution, commonly known as the "I and R" Amendment. The sections referred to, in so far as applicable, are as follows:

"Section 16. * * * the sufficiency of all local petitions shall be decided in the first instance by the county clerk * * * subject to review by the chancery court.

"Section 17. If the sufficiency of any petition is challenged, such cause shall be a preference cause and shall be tried at once * * *."

It will be observed that the only jurisdiction conferred by these sections on chancery courts is to review the action of the county clerk in determining the sufficiency of all local petitions for initiating local laws. This is the extent of the jurisdiction conferred on chancery courts. It is true that it is alleged that the first certificate issued by the county clerk was valid and his second certificate was void. Had the latter certificate been challenged before the election, the chancery court would have had jurisdiction to review the action of the county clerk relative thereto. Section 17 of said amendment, cited by appellees, provides that such a cause shall be a preference cause and shall be tried at once. The sufficiency of the petition was a moot question when the suit was filed, and courts will not take and decide questions that are moot.

The decree rendered by the chancery court is reversed, and the cause is dismissed.

MEHAFFY, J., dissents.