HUGHES *v.* JACKSON, COUNTY JUDGE.

4-8579                                        210 S. W. 2d 312

Opinion delivered April 12, 1948

Rehearing denied May 10, 1948.

*Hebert & Dobbs,* for appellant.

*James Pilkinton, G. W. Lookadoo, J. H. Lookadoo* and *McMillan & McMillan,* for appellee.

GRIFFIN SMITH, Chief Justice. By amendment No. 25 to the Constitution "County Hospital" was added to the purposes for which bonds might be issued under Amendment 17.

Certain taxpayers have appealed from equity's decree dissolving a temporary injunction and dismissing the complaint. Effect is to permit issuance of $200,000 in bonds for construction of a Clark County hospital, with a levy of two and a half mills to pay principal and interest.

The vote *for* construction was, *prima facie,* 1,434, with 1,100 *against. For* the building tax returns as certified showed 1,431; *against,* 1,103.

Amendment 17 provides that when the question is submitted for consideration of the voters, (in the instant case by special call) procedure governing general elections shall apply. Act 294 of 1929 facilitates the purposes intended to be served by Amendments 17 and 25. Although this statute was enacted before Amendment 17 was amended, our decisions are to the effect that when substance of Amendment 25 was brought into Amendment 17, the latter (prospectively) would be treated as having been enlarged, hence Act 294 is germane where its terms do not conflict with the basic law.

By Act 294 appeals from County Court orders may be taken within thirty days "as to the result of the election". Pope's Digest, § 2470; A. S. v. 2, § 13-1216.[1]

[1] The reference "A. S. v. 2, § 13-1216" is to the new Digest printed by Bobbs-Merrill, only the first two volumes being available.

The County Court adjudication that necessity for a hospital existed was recorded Sept. 12, 1947. An election was called for October 21. October 27 (pursuant to certification by the Board of Election Commissioners that a majority of those voting favored the project and had approved the tax) the County Court made its official finding; and on November 17 Quorum Court levied the authorized tax.

November 26 other taxpayers joined with A. R. Hughes in filing in Chancery what they denominated a "Petition of Appeal from, and Review of, Order and Finding of Clark County Court, and for Injunction". It was alleged that in finding that necessity required construction of a hospital the Judge acted upon his own initiative, hence the act was not that of the County Court; and, being non-judicial it was void, and the election pursuant to this arbitrary determination was without legal foundation. It was also contended that election irregularities were so widespread as to create a presumption of fraud, and the people were deprived of a fair expression.

We do not consider the charges of irregularities. Under the Constitution appeals from judgments of the County Court are to Circuit Court, under such restrictions as may be prescribed by law. Art. 7, § 33. The time within which an appeal may be taken has been limited to six months. Pope's Digest, § 2913.

Appellants think that because Act 294 of 1929 (Pope's Digest, § 2470) does not mention the court to which electors may appeal, the jurisdiction of Chancery is available in the circumstances here, injunctive relief having been asked. While it is true that Act 294 does not name the court of redress, the Constitution does. We are cited to Cisco v. Caudle, County Judge, 210 Ark. 1006, 198 S. W. 2d 992, a case involving Amendment 17 and construction of a hospital for Washington County. The Chancery decree was reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings. A controlling difference between that litigation and the appeal with which we are dealing is that

Cisco was not contesting an election, and matters of which complaints were made appeared on the face of the record.

Appellants had a right to apply to Chancery Court for the remedy they sought through injunction, but this did not invest that Court with power to review proceedings of the County Court under the doctrine that equity, having acquired jurisdiction for one purpose, will administer complete relief. Unless the vices urged in avoidance were a part of the record and without other proof were sufficient to sustain the Court in restraining an illegal exaction, appellants cannot properly complain of the dismissal order.

Affirmed.