BUFFINGTON *v.* CARSON.

4-9609                                        244 S. W. 2d 954

Opinion delivered January 14, 1952.

*W. A. Waddell,* for appellant.

*McDaniel & Crow,* for appellee.

GEORGE ROSE SMITH, J. The main question in this case is whether a contest of a county road tax election must be filed within twenty days after the election. This contest was begun almost four months after the election, and the circuit court dismissed the suit upon the ground that it was brought too late.

At the general election held on November 7, 1950, the road tax was submitted to the electorate of Saline County. On the following day the county election commissioners certified that the tax had been defeated. In March, 1951, the appellant Buffington, as a taxpayer, brought this suit against the election commissioners, alleging in some detail that a correct count of the votes would show that the tax had been adopted. The commissioners filed an answer admitting the allegations of the complaint. The appellee intervened, however, and

succeeded in having the contest dismissed upon the ground that we have mentioned.

It is first suggested that the appellee should not have been permitted to intervene, but we think the circuit court acted correctly. Buffington brought his suit as a taxpayer, but the case was unlike most taxpayers' suits in that the complaint asked that the plaintiff be subjected to a tax instead of being relieved from one. The defendants admitted the truth of the complaint, so that the suit was not really an adversary proceeding. Since other taxpayers might well have been bound by the judgment, *Howard-Sevier Road Imp. Dist. No. 1* v. *Hunt*, 166 Ark. 62, 265 S. W. 517, the trial court properly permitted another taxpayer to interpose defenses that the original defendants had failed to raise.

Turning to the merits, we have two statutes fixing the time for bringing an election contest. Section 3-1202, Ark. Stats. 1947, fixes a limitation of one year for contesting the election of supreme court justices and six months for other officers. But a later statute, § 3-1203, provides that "all actions to contest the election of a person to any county, city or township office shall be commenced within twenty days . . ." By their terms these statutes apply to the election of "officers" or "persons," and it might be argued that they were not intended to apply to a vote on the county road tax. But, before the later act was passed, we held the earlier one to apply to a stock law election, upon the reasoning that otherwise there would be no applicable rule. *Alexander* v. *Stuckey*, 159 Ark. 692, 253 S. W. 9. Hence one or the other of the present statutes is controlling, and our problem is merely to determine which one.

We think it plain that the twenty-day limitation should apply. A vote upon a county road tax is certainly more like an election for a county officer than one for a State officer. No doubt the shorter period for county contests was adopted because it is easier to prepare a case involving the vote in only one county than it is to prepare a state-wide contest. This reasoning applies with equal force to the contest of a road-tax vote.

There is also a strong practical reason for preferring the shorter period. The road tax must be voted upon at the general election in November. Ark. Const., Amendment 3; *Merwin* v. *Fussell,* 93 Ark. 336, 124 S. W. 1021. Collection of the tax, if levied, begins in the following February—less than four months later. Ark. Stats., § 84-913. It is evidently desirable that the validity of the tax be established before the property owners are compelled to pay it, but that would be impossible if the contest could be delayed until after collections had begun. For these reasons we conclude that the legislature intended for the twenty-day period to control.

Affirmed.

WARD, J., dissents.