PARSONS *v.* MASON.

5-332                                    265 S. W. 2d 526

Opinion delivered March 8, 1954.

*Fietz & McAdams,* for appellant.

*Gerald Brown* and *Kirsch & Cathey,* for appellee.

GEORGE ROSE SMITH, J. This is an election contest involving the position of school director. On March 21, 1953, the Knobel school district held an election at which the appellee, C. R. Mason, was the only candidate whose name appeared on the printed ballot. Mason received 125 votes, but 140 persons voted for the appellant, Ruel Parsons, by writing in his name. The election judges declared 23 of the write-in votes to be void, with the result that Mason was certified as the winner by a count of 125 to 117. On March 31 the county court canvassed the returns and entered an order declaring Mason to be the winner and granting an appeal to Parsons. Parsons later filed an original action in the circuit court contesting the election, but summons was not issued until April 13, which was more than twenty days after the election. The circuit court held, first, that the appellant's remedy was by original action rather than by appeal from the county court's order, and, second, that the contest in the circuit court was filed too late.

The case involves the construction of two 1951 statutes, Act 366 and Act 403. Ark. Stats. 1947, §§ 80-318, 80-321, and 80-322. In construing earlier statutes we held in *McLeod* v. *Richardson,* 204 Ark. 558, 163 S. W. 2d 166, that with respect to school elections the county courts

were vested with but two powers: canvassing returns and certifying results. It was there decided that § 80-213 transferred to the county board of education jurisdiction of election contests involving the office of school director. Act 366 of 1951 is explicit in divesting the county boards of education of that jurisdiction and in providing that such contests shall be brought in the circuit court. Since the Act requires that contest to be commenced within twenty days after the election the trial court was correct in holding that the present contest was begun too late.

The appellant insists that Act 403 of 1951 either repealed Act 366 or provided an alternative method of contest, by appeal from the county court order. We do not agree. Act 403, after outlining the procedure by which the election judges file a certified return of the votes, provides: "Within ten days after the election the county court shall canvass the returns and declare the result of the election by an order entered of record. This order shall be final unless an appeal is taken from it to the circuit court within fifteen days after it has been entered."

It is our duty to give effect to both statutes if possible, and we find no difficulty in doing so. Under Act 403 the county court's duties remain substantially unchanged. That court merely canvasses the returns and declares the result, its order constituting a permanent record of the outcome of the election. An appeal from that order would merely test the correctness of the court's tabulation of the returns.

An election contest, on the other hand, involves the matter of going behind the returns and inquiring into the qualifications of the electors and other matters affecting the validity of the ballots. Jurisdiction of such a contest was conferred upon the circuit court by Act 366, and we have no reason to think that the Legislature did not intend for that jurisdiction to be exclusive.

Affirmed.

McFADDIN, J., concurs.