JONES v. LAWLESS.

5-898                                           288 S. W. 2d 324

Opinion delivered March 26, 1956.

*Gordon B. Carlton,* for appellant.

*Geo. E. Steel,* for appellee.

J. SEABORN HOLT, Associate Justice. A petition signed by 63 qualified electors was filed in the Pike County Court for a special election in Pike County School District No. 1 "for electing one member to the County Board of Education in Zone 4 Pike County, § 80-3020 Ark. Stats. 1947." On March 30, 1955, this petition was granted by the County Court and an election was ordered to be held on April 30, 1955, at such place or places as the Board of Election Commissioners might designate. In apt time Pike County School District No. 1 published notice setting out that one of its purposes was "to elect one County Board Member from Zone 4 for a regular term of 5 years." Kirby School District No. 32 had caused to be published a similar notice for the same purpose. Following these notices the special election was held in accordance with the County Court order. Appellant says in his brief, "The Special election was held in School District No. 1 and Zone 4 of Pike County pursuant to the order of the County Court." The Board of Election Commissioners on April 4, 1955, designated the Langley School House Building as the polling place in Pike County School District No. 1 and Zone 4, for the special election to be held on April 30, 1955. Thereafter, (April 15, 1955) the Board of Directors of Kirby School District No. 32 gave notice that a special election would be held in Zone 4, School District 32, on April 30, 1955, and the Daisy School Building was designated as the polling place. The election was held and appellant Jones received a majority of the votes cast at the Langley box and appellee Lawless received a majority of the votes cast at the Daisy box. It is conceded that Lawless received a majority of the combined votes cast at Langley and Daisy boxes.

Pike County, in April 1941, was divided into four zones under Act 327 of 1941, and in that zoning order Kirby School District 32 was placed in Zone 3 and Daisy School District in Zone 4. In an order of the County

Board of Education, February 28, 1949, Daisy School District 37 was dissolved and its territory annexed to Kirby School District 32 in Pike County.

In due course the Pike County Board of Election Commissioners, on May 4, 1955, filed with the Clerk of the County Court a report and certificate of the result of said election: that appellee Lawless had received 95 votes and Jones 66 votes in the special election, and that Lawless had been elected County Board Member for the regular term of five years from Zone 4. Thereafter on May 10, 1955, the County Court entered an order which contained this recital: "This Court, after a careful analysis of the result, from a canvass of the returns, and from an examination of the Zoning Order of 12th of April, 1941 for Pike County, Arkansas, made from an examination of certain order of the County Board of Education made and entered on the 28th day of February, 1949, dissolving Daisy School District No. 37 of Pike County and annexing the territory thereof to Kirby School District No. 32 of Pike County; and from an examination of a Rezoning Order made by the County School Re-Districting Committee of Pike County on the 4th day of April, 1955, in accordance with Act 229 of the Acts of the General Assembly for 1953 and from other facts and records examined and construed, is of the opinion, and so finds, that the territory which, prior to the dissolution of the Daisy School District under the orders of the County Board of Education, together with the property, funds and obligations of every nature of said district were annexed to Kirby School District No. 32, and said territory has continuously since 1949 been a part of the Kirby School District, and by reason of the Kirby School District having been placed in Zone 3 of Pike County, became a part of said Zone 3. The Court further finds that, since the re-zoning action of the County School Re-districting Committee on the 30th day of April, 1955, without regard to other acts and orders of the Zoning and Re-Districting Committee, of the County Board of Education, or of the Board of Election Commissioners for Pike County, all of the territory embraced in the old Daisy School District of

Pike County became a part of Zone 3 and that as a result of said Re-Zoning Order, without regard to other orders or facts, the electors of the old Daisy School District were without right 'to legally cast their votes at the special election of April 30, 1955, for the County Board Member to be elected for Zone 4, and that the election so held at the Daisy Schoolhouse was void and the votes there polled and counted and certified to the clerk of this court by the Board of Election Commissioners for Pike County cannot be legally counted or considered in determining the results of the election called and held on the 30th day of April, 1955, for the purpose of electing a County Board Member for Zone 4; that said box should be expunged from the record of the said election and that A. M. Jones, having received a majority of the votes cast and counted at the Langley box in District No. 1 of Pike County, which embraces the identical territory as Zone 4 of Pike County, should be declared the duly elected County Board Member for Pike County for the five-year term for which said election was called and held,'' and declared Jones to be the duly elected County Board member from Zone 4.

An appeal from County Court Order was duly prosecuted by appellee Lawless to the Circuit Court. It was stipulated between the parties that Henry Lawless, appellee, received the larger number of votes tabulated in the Langley and Daisy boxes. On a hearing in the Circuit Court the court found that the purpose and effect of the appeal from the County Court could only be to test the correctness of the County Court's tabulation of the election returns and certifying the results, and '' . . . that in order to go behind the returns and test the validity of the votes it must be done in proper time and by direct action or original action in the Circuit Court. This was not attempted by the intervenor, A. M. Jones, and if attempted was not accomplished in proper time.'' The order of the County Court, accordingly, was reversed with directions to the County Court to declare Henry Lawless duly elected and further that the purported re-zoning order of April 4, 1955, by the County Board of Education, should be set aside and

declared void, in order to re-zone in a manner more equal in area and school attendance.

This appeal followed. For reversal appellant relies on the following points: "1. The territory, which prior to 1949 comprised the Daisy School District, upon being annexed to Kirby District No. 32, became not only a part of the Kirby District but a part of Zone 3 of Pike County, and the electors residing therein could not legally vote a board member from Zone 4. 2. An election could not be legally held under the petition, the order of the court and the notice of election given pursuant thereto, except within District No. 1 of Pike County. 3. District 1 and Zone No. 4 being synonymous, the board member who was elected was elected by the votes cast at the Langley School House Box, which was the only election held in said district and zone on April 30, 1955. 4. The judgment of the County Court has become final by reason of the fact that no direct contest was instituted by the appellee in the Circuit Court of Pike County, contesting said election and the judgment of said court, within twenty days from the date of the election. 5. In the alternative, if the electors residing in that part of Kirby School District No. 32, which prior to 1949 comprised and constituted the Daisy School District, were entitled to vote in the special election of April 30, then and in that event, there was no legal election for board member from Zone 4 for the obvious reason that no opportunity was afforded the electors residing in the territory, which prior to 1949 comprised the New Hope District, to participate in that election."

We have concluded, in the circumstances here, that the judgment of the Circuit Court is correct and must be affirmed. Obviously, appellant here was attempting to contest a school election in the County Court, which has no jurisdiction in an election contest. The jurisdiction for such contest is lodged in the Circuit Court and not the County Court. " . . . with respect to school elections the county courts were vested with but two powers; canvassing returns and certifying results. . . . That court merely canvasses the returns and

declares the result, its order constituting a permanent record of the outcome of the election. An appeal from that order would merely test the correctness of the court's tabulation of the returns. An election contest, on the other hand, involves the matter of going behind the returns and inquiring into the qualifications of the electors and other matters affecting the validity of the ballots. Jurisdiction of such a contest was conferred upon the circuit court by Act 366, and we have no reason to think that the Legislature did not intend for that jurisdiction to be exclusive." *Parsons* v. *Mason,* 223 Ark. 281, 265 S. W. 2d 526. Since it is stipulated, or admitted, in the present case that appellee Lawless received a majority of the votes cast at the two polling places in the special election, the only power and duty vested in the County Court was merely to canvass these returns and certify the results. It could not go behind the returns and inquire into the qualifications of the electors and other matters that might affect the validity of the ballots cast. *Guthrie* v. *Baker,* 224 Ark. 752, 276 S. W. 2d 54, "Head Note No. 2. 'Proffered testimony relating to votes cast at an illegal voting place held not admissible in Circuit Court on an appeal under Act 403 of 1951 from an order of the County Court declaring the results of an election for membership to County Board of Education.' "

Our conclusion makes it unnecessary to discuss the points raised by appellant which, in effect, would be proper in an election contest properly brought in the Circuit Court. Judgment affirmed.