JONES v. DIXON.

5-1297                                    302 S. W. 2d 529

Opinion delivered June 3, 1957.

*Q. Byrum Hurst* and *C. A. Stanfield,* for appellant.
*Lindell Hile* and *Alfred Featherston,* for appellee.

SAM ROBINSON, Associate Justice... This suit was filed in the county court to contest an election on the question of building a county hospital under authority of Amendment No. 17 to the Constitution, as amended by Amendment No. 25. The principal issue is whether the county court has exclusive original jurisdiction to hear the election contest.

The election was held on December 22, 1956, and on the 26th day of December the county court entered an order declaring that a majority of the electors had voted for construction of the hospital. On January 10, less than twenty days later, this action was filed. The complaint alleges that the election was invalid, and assigns various reasons therefor. The contestees, appellees here, on the 26th day of January, 1957, filed a demurrer to the complaint. On February 2, the court sustained the demurrer on the ground that the county court did not have jurisdiction to try the election contest. Contestants, appellants here, appealed to the circuit court; on February 9, that court sustained a demurrer on the ground that the appeal was not taken within thirty days of the entering of the order by the county court finding the result of the election.

Amendment No. 17 to the Constitution, as amended by Amendment No. 25, authorizes the holding of county elections to determine whether a county hospital shall be constructed and authorizes the levy of a tax to defray the cost and expenses thereof. Section 4 of Amendment No. 17 provides: "It is hereby made the duty of the usual Election Officers to prepare the ballots and to hold such election in manner and form as is now or hereafter may be provided by law, and to certify the returns thereof to the County Court. If a majority voting in such election shall vote for such improvement, then the County Court shall make and enter of record an order showing the total vote for and the total vote against such." . . . Amendment No. 17 was adopted at the General Election in 1928. Act No. 294 of the General Assembly for the year 1929 was adopted as an enabling act for Amendment No. 17. The last sentence

in Section 4 of Act 294 provides: "Any elector and any property owner of the county may appeal from the finding of the County Court as to the result of the election within thirty (30) days thereafter; and if no appeal is taken within that time, such finding shall be conclusive." Ark. Stats. § 13-1216.

Amendment No. 25 was adopted at the General Election in 1938. It provides that it shall be self-executing, and amends Amendment No. 17 by authorizing an election on the question of the construction of a county hospital, as well as a court house and county jail as authorized by Amendment No. 17. In *Hughes* v. *Jackson, County Judge,* 213 Ark. 243, 210 S. W. 2d 312, this court said: "Act 294 of 1929 facilitates the purposes intended to be served by Amendments 17 and 25. Although this statute was enacted before Amendment 17 was amended, our decisions are to the effect that when substance of Amendment 25 was brought into Amendment 17, the latter (prospectively) would be treated as having been enlarged, hence Act 294 is germane where its terms do not conflict with the basic law."

It is the contention of the contestees, appellees here, that Act 294, limiting the time of appeal from the order of the county court finding the result of the election, is controlling; and, since the contestants did not appeal from such finding within the thirty day period, they have lost their right to contest the election; and this was the holding of the circuit court.

The finding of the county court as to the number that voted for the submitted proposal and the number that voted against it is one thing, and an election contest is something entirely different. An analogous situation was presented in *Parsons et al* v. *Mason,* 223 Ark. 281, 265 S. W. 2d 526. Act No. 403 of 1951 deals with school elections. Section 1 of the Act provides: ". . . Within ten days after the election the county court shall canvass the returns and declare the result of the election by an order entered of record. This order shall be final unless an appeal is taken from it to the circuit court within fifteen days after it has been

entered.'' In the *Parsons* case, we said: ''That court (county court) merely canvasses the returns and declares the result, its order constituting a permanent record of the outcome of the election. An appeal from that order would merely test the correctness of the court's tabulation of the returns. An election contest, on the other hand, involves the matter of going behind the returns and inquiring into the qualifications of the electors and other matters affecting the validity of the ballots.'' See also *Jones* v. *Lawless,* 226 Ark. 110, 288 S. W. 2d 324.

The Constitution requires the county court to make a finding as to the number of votes cast for and against the proposal submitted to the electors, and according to Act 294 of 1929 (Ark. Stats. § 13-1216), any one dissatisfied with the tabulation as announced by the court must appeal within thirty days. But such finding by the court does not amount to a judgment rendered in an election contest. *Patterson* v. *Adcock,* 157 Ark. 186, 248 S. W. 904, also supports the view that an entry of the result of the election is not an election contest.

We come now to the proposition of which court has jurisdiction in an action to contest an election held on the question of constructing a county hospital. Article 19, Section 24, of the Constitution provides: ''The General Assembly shall provide by law the mode of contesting elections in cases not specifically provided for in this Constitution.'' Pursuant to this provision of the Constitution the General Assembly adopted Ark. Stats. § 3-1205, which places in the county court jurisdiction for the contesting of elections for county officers except that of county judge. In *Glidewell* v. *Martin,* 51 Ark. 559, 11 S. W. 882, it is said: ''It is patent that the legislature was expected to confer this jurisdiction upon *some board, council or tribunal* which might be inferior to the circuit court.''

Article 7, Section 11, of the Constitution gives the circuit court jurisdiction in all cases where exclusive original jurisdiction is not placed in some other court by the Constitution. But Article 7, Section 28, gives to

another court — the county court — exclusive original jurisdiction in all matters of internal improvement and local concerns; it provides: "County courts shall have exclusive original jurisdiction in all matters relating to . . . the internal improvement and local concerns of the respective counties." Is an election on the question of building a county hospital an internal improvement or a local concern of the county? If so, then according to the Constitution, the county court has exclusive original jurisdiction in the case at bar.

Some of our cases, which may appear to hold that the circuit court has jurisdiction in cases of this kind, are easily distinguished from the case at bar. For instance, *Wheat v. Smith,* 50 Ark. 266, 7 S. W. 161, and *State ex rel Attorney General v. Sams,* 81 Ark. 39, 98 S. W. 955, hold that the circuit court has jurisdiction, but, upon examination, it will be seen that the issue in those cases was whether there had been an usurpation of office. They were not cases concerning internal improvements or local concerns of the county, but were prosecuted under authority of the Civil Code, Section 525, Ark. Stats. § 34-2203. The cases of *Payne v. Rittman,* 66 Ark. 201, 49 S. W. 814, *Whittaker v. Watson,* 68 Ark. 555, 60 S. W. 652, and *Purdy v. Glover,* 199 Ark. 63, 132 S. W. 2d 821, were contests of elections for municipal offices; Article 7, Section 28, of the Constitution does not apply to municipalities.

It was held, however, in *Patterson v. Adcock,* 157 Ark. 186, 248 S. W. 904, and *Alexander v. Stuckey,* 159 Ark. 692, 253 S. W. 9, that the circuit court has original jurisdiction in contests over county stock laws, but neither of these cases mentions Article 7, Section 28, of the Constitution giving the county court exclusive original jurisdiction in matters of internal improvement and local concerns. In the *Patterson* case, *Payne v. Rittman* and *Whittaker v. Watson* were cited, but, as above mentioned, both of those cases involve contests of an election for a municipal office. *Sumpter v. Duffie,* 80 Ark. 369, 97 S. W. 435, is cited also, but that case involved a contest of an election for county judge. It is pointed

out in the *Sumpter* case that Article 19, Section 24, of the Constitution provides that the General Assembly shall provide by law the mode of contesting an election and that the statutes give to the circuit court jurisdiction in a contest of a county judge election. Citing Act 34 of the Acts of the General Assembly of 1875 (**Ark.** Stats. § 3-1201). But the legislature has not given the circuit court jurisdiction of the contest of an election such as the one involved in the case at bar. Act 34 of 1875 also gives the county court jurisdiction of election contests for county offices other than the office of county judge. Evidently it was considered that it would be less complicated to give circuit court jurisdiction in the contest of election for the office of county judge than it would be to substitute another county judge to try the case. And, in *Alexander* v. *Stuckey, supra,* it was held that the circuit court has jurisdiction in stock law elections, and that the suit must be filed within six months. On the jurisdiction question, no authority is cited except the *Patterson* case.

But, in *Russell et al* v. *Jacoway, Judge,* 33 Ark. 191, and in *Willeford et al* v. *State, ex. rel.,* 43 Ark. 62, it was held that the county court has exclusive original jurisdiction in the contest of an election to remove the county seat. Likewise, the county court has exclusive original jurisdiction in the contest of elections on the liquor question. *Freeman* v. *Lazarus,* 61 Ark. 247, 32 S. W. 680; *Yarbrough* v. *Beardon,* 206 Ark. 553, 177 S. W. 2d 38. And the county court also has exclusive original jurisdiction in the contest of an election for road overseer, *Condren* v. *Gibbs,* 94 Ark. 478, 127 S. W. 731; and for the office of school director, *Ferguson* v. *Wolchansky,* 133 Ark. 516, 202 S. W. 826. Certainly, an election on the question of whether a county hospital should be constructed and the levying of a tax against the property in the county to defray the expenses of such construction, is a matter of local concern just as much as it is possible for anything to be, and exclusive original jurisdiction to try an election contest in connection with such question is, therefore, in the county court.

The only remaining question is whether the suit was filed in time. The election was held on December 22nd; the county court entered an order showing the result of the election on December 26th; this suit contesting the election was filed on January 10th, less than twenty days thereafter. *Buffington* v. *Carson*, 219 Ark. 804, 244 S. W. 2d 954, was a contest of an election pertaining to the county road tax (the jurisdictional question was not raised). It was pointed out that we have two statutes fixing the time for bringing an election contest: Ark. Stats., § 3-1202, fixing a limitation of one (1) year for election of Supreme Court Judges and six (6) months for other offices; and § 3-1203 fixes a period of twenty (20) days to contest an election of any person to any county, city or township office. It was held that the twenty day limitation applied; that a county road tax is more like an election for a county officer than one for a state officer. Likewise, in the case at bar, we think the twenty day statute is more applicable to an election on the question of construction of a county hospital. Here, the complaint was filed within the twenty day period, and since it was filed in apt time in a court of competent jurisdiction, the county court erred in sustaining the demurrer; and on appeal to the circuit court, the cause should have been remanded to the county court for a trial on the merits.

Reversed, with directions to remand to the county court.

HARRIS, C. J., and HOLT & MILLWEE, JJ., dissent.