CURRY, COUNTY JUDGE *v.* DAWSON, CHANCELLOR.

5-3340                                                         379 S. W. 2d 287

Opinion delivered June 1, 1964.

Max M. Smith, Smith, Williams, Friday & Bowen, by Herschel H. Friday and John C. Echols, for appellant.

Paul K. Roberts, for appellee.

FRANK HOLT, Associate Justice. This is a petition for a writ of prohibition. The petitioners are the defendants in a taxpayers' suit now pending before the respondent Chancellor. The taxpayers' action was instituted by James O. Young, and numerous other plaintiffs, to restrain and enjoin the defendants [petitioners], Ray Curry and other county officials, from the imposition and collection of a tax based upon a county election in which the voters in two townships had no opportunity to vote. The respondent overruled defendants' demurrer to the complaint, refused to dismiss plaintiffs' complaint for lack of jurisdiction, and set the case for trial.

Petitioners contend that the plaintiffs' complaint constitutes an election contest and, therefore, chancery court has no jurisdiction to try this issue. Also, that a writ of prohibition is the only effective remedy available to the petitioners. It is respondent's position that the pending action is not an election contest and jurisdiction exists because the petitioners are attempting to exact an illegal tax in violation of Article 16, § 13 of our State Constitution.

The allegations in the complaint pertinent to this appeal are that pursuant to the provisions of Amendment 17 of the Constitution of Arkansas, as amended by Amendment 25, a county election was held on December 10, 1963 and as a result of this election a majority of the electors, 426, voted in favor of and 388 electors voted against the proposed reconstruction and extension of the Cleveland County Hospital; that a majority, 408 electors, voted for and 389 electors voted against the proposed building tax; that as a result of the certification that all polls were open and the measures were approved by a majority vote, the Cleveland County Quorum Court

levied a tax on the property of all the taxpayers of the county for the purpose of providing the necessary funds to finance the proposed building program; that the tax books are being extended and prepared for the collection of such tax, and it is proposed to offer general obligation hospital bonds for sale in the near future; that the elec- is void, the tax illegal, and the proposed sale of bonds is unauthorized because the certificate of the Election Commissioners is false since they "failed and neglected to provide [an] opportunity for the citizens and voters of said two townships [Whiteoak and Whiteville] to vote on said measures"; and that if the 260 eligible electors in those townships had been permitted to vote, 90% or 234 would have voted against the proposed measures, thus changing the outcome of the election. In an amendment to the complaint, plaintiffs named 41 electors in Whiteoak Township and alleged that these were eligible voters who "would have voted against both the proposed construction and the proposed building tax", thus changing the outcome of the special election.

The sole issue presented in the instant case is whether the action challenging the validity of the election is one to prevent an illegal exaction based upon a void election, or whether it is an action to contest an election.

We have often held that the questioning of the validity of the actual conduct of an election is an election contest and that the chancery court has no jurisdiction in such a cause. *Rich* v. *Walker,* 237 Ark. 586, 374 S. W. 2d 476; *Jones* v. *Dixon,* 227 Ark. 955, 302 S. W. 2d 529; *Parson* v. *Mason,* 223 Ark. 281, 265 S. W. 2d 526; *Priest* v. *Mack,* 194 Ark. 788, 109 S. W. 2d 665; *Hutto* v. *Rogers,* 191 Ark. 787, 88 S. W. 2d 68; *Guthrie* v. *Baker,* 224 Ark. 752, 276 S. W. 2d 54. As was succintly said in *Parsons* v. *Mason, supra,* an election contest involves "going behind the returns and inquiring into the qualifications of the electors and other matters affecting the validity of the ballots."

It is true that we have held chancery court has jurisdiction to enjoin the illegal exaction of a tax as prohibited by Article 16, § 13 of our Constitution. *Phillips v. Rothrock,* 194 Ark. 945, 110 S. W. 2d 26; *Harrison v. Norton,* 104 Ark. 16, 148 S. W. 497; *Arkansas-Missouri Power Corp., v. City of Rector,* 214 Ark. 649, 217 S. W. 2d 335. However, none of these cases involved the actual conduct of an election or "going behind the returns".

An election contest is a special proceeding authorized only in accordance with constitutional and statutory provisions. *Sumpter v. Duffie,* 80 Ark. 369, 97 S. W. 435; *Walls v. Brundidge,* 109 Ark. 250, 160 S. W. 230. The county court has exclusive original jurisdiction in all matters necessary "to the internal improvement and local concerns" of the county. Article 7, § 28, Arkansas Constution. The construction of a county hospital is a matter of internal improvement and local concern and the county court has exclusive jurisdiction in the trial of an election contest arising from a special election on the question of the construction of a county hospital and such contest must be commenced within twenty (20) days following the election. [Ark. Stat. Ann. § 3-1203 (Repl. 1956)]; *Jones v. Dixon, supra.*

The matters alleged in plaintiffs' complaint, in effect, necessitate "going behind the returns" as certified and, also subject the elector's qualifications to inquiry as well as any other matter affecting validity of the ballots. Plaintiffs' allegations in fact question the actual conduct of the election. Therefore, we hold that plaintiffs' allegations are in the nature of an election contest and not cognizable in equity.

The plaintiffs were not without a remedy. The county court was the proper forum in which to question, within twenty days after the election, the neglect and failure of the election commissioners to conduct an election in these two townships. Public policy demands that the requirements imposed by our constitution and our legislative enactments governing the trial of an election con-

test be strictly observed in order that election results have stability and a finality, especially where the construction of public improvements such as in the case at bar is in issue.

Prohibition is the proper remedy to prevent the chancery court from exceeding its jurisdiction on matters pertaining to an election contest. *Campbell* v. *Waggoner*, 235 Ark. 374, 360 S. W. 2d 124; *Faver* v. *Golden, Judge*, 216 Ark. 792, 227 S. W. 2d 453; *Murphy* v. *Trimble, Judge*, 200 Ark. 1173, 143 S. W. 2d 534. The expense of time and money required in an election contest renders inadequate the ordinary remedy by an appeal from a forum which is without jurisdiction.

The petition for writ of prohibition is granted and for good cause shown an immediate mandate is ordered.