James A. RAGAN, RILEY'S INC., On Behalf of
Themselves and All Other Similarly Situated Taxpayers
*v.* Donald VENHAUS, et al.

85-109                                          711 S.W.2d 467

Supreme Court of Arkansas
Opinion delivered June 16, 1986

*Mitchell, Williams, Selig, Jackson & Tucker,* by: *Eugene G. Sayre* and *Joyce Kinkead,* for appellants.

*Henry & Duckett,* by: *Stephen L. Curry,* for appellees Donald Venhaus, County Judge; William R. Tedford, Treasurer of Pulaski County, Arkansas; and Pulaski County, Arkansas.

*Arkansas Office of Revenue Legal Counsel,* by: *Wayne Zakrzewski,* for appellee Charles D. Ragland, Commissioner of Revenues of the State of Arkansas.

*Mark Stodola,* Little Rock City Attorney, by: *Carolyn Witherspoon,* for appellees Jack Murphy, Treasurer of the City of Little Rock, Arkansas, and the City of Little Rock, Arkansas.

*Steve Clark,* Att'y Gen., by: *E. Jeffrey Story,* Asst. Att'y Gen., for appellee Jimmie Lou Fisher, Treasurer of the State of Arkansas.

*Jim Hamilton,* North Little Rock City Attorney, by: *Michael Emerson,* for appellees Mary Ruth Morgan, Treasurer of the City of North Little Rock, Arkansas, and the City of North Little Rock, Arkansas.

*Bob Dawson,* Sherwood City Attorney, for appellees Amy Saunders, Treasurer of the City of Sherwood, Arkansas, and the City of Sherwood, Arkansas.

*Keith Vaughn,* Jacksonville City Attorney, for appellees Lula M. Leonard and City of Jacksonville, Arkansas.

JOHN G. LILE, Special Justice. Appellants filed suit in Pulaski Chancery Court claiming that the 1% compensating use tax imposed and collected by appellees in Pulaski County since April 1, 1982, constitutes an illegal exaction. The chancellor held that appellees' imposition of the use tax was not an illegal exaction. We reverse and remand.

The facts were virtually all stipulated and are undisputed by the parties. The Pulaski County Quorum Court adopted Ordinance 81-OR-71 on December 8, 1981, calling for a special election in Pulaski County to be held February 2, 1982. The official ballot and voting instructions called for the voters to vote for or against the adoption of a 1% sales tax pursuant to the provisions of Act 991 of 1981, as amended by Act 26 of 1981,

First Extraordinary Session, but no mention was made of a 1% compensating use tax. The proposition received a favorable majority, and the results were certified to and published by the Pulaski County Judge on February 5, 1982.

However, on March 23, 1982, the Pulaski County Quorum Court adopted Ordinance 82-OR-12 which contained an article purporting to enact a 1% compensating use tax after April 1, 1982, and since that date both a 1% sales tax and a 1% use tax have been imposed and collected by the appellees.

This suit was filed October 5, 1982, and subsequently was certified as a class action.

The chancellor determined that the suit was an untimely election challenge filed more than thirty days after the certification of the election results. She further held that if the claim was not an election challenge, and was indeed an illegal exaction suit, then the mention of Act 26 of 1981 in the ballot title used in the special election was sufficient to notify the voters that not only a 1% sales tax but also a 1% use tax were to be voted on in the election.

There is a threshold issue which must be considered. Appellants filed a timely notice of appeal and properly ordered a transcript; however, appellants did not designate the entire record. Appellants did specifically list pleadings, motions, responses, all testimony, all stipulations, all exhibits and all orders filed in the trial court. The appellants did not file with their notice of appeal a statement of points on which they would rely on appeal.

The appellees filed a motion in the trial court to dismiss the appeal alleging that appellants had not complied with all of the provisions of Rule 3(g) of the Arkansas Rules of Appellate Procedure because they failed to file a statement of points on which they would rely on appeal. The chancellor granted appellees' motion to dismiss. Thereafter, appellants filed a second notice of appeal both from the original judgment and the order dismissing the appeal; they also simultaneously filed a statement of points to be relied on, setting forth the same issues which had been fully argued and briefed before the trial court. Once again the appellees moved to dismiss, and the chancellor ordered

dismissal, limiting appeal to whether the chancellor erred in dismissing the initial notice of appeal. Appellants moved this court for permission to file a full abstract and brief on all issues raised in the trial court, and such permission was granted.

It is obvious from the original designation of record on appeal that all substantive pleadings, motions and responses, all orders and the judgment of the court, all exhibits introduced into evidence, all stipulations of fact, and all of the testimony were designated. The only items not designated were discovery pleadings, discovery objections and briefs of the parties.

The purpose of Rule 3(g) is to prevent prejudice such as was found in *Jones* v. *Adcock*, 233 Ark. 247, 343 S.W.2d 779 (1961), which dealt with the statutory predecessor to Rule 3(g). In that case a full record had been designated originally, but was subsequently replaced by an abbreviated designation which was not served on the appellees. The points argued on appeal were affected by *un*designated portions of the record, and consequently the appellees were prejudiced by appellant's failure to comply with the rule; appellees were therefore deprived of the opportunity to bring up additional matters in the record.

In the case at hand, there is no prejudice to appellees.

Accordingly, we do not limit the appeal to the question of whether the chancellor erred in dismissing the original notice of appeal; rather, we will address all the issues raised by appellant.

The appellants do not contest the validity of the 1% sales tax. They do not challenge the election process or result as they relate to the sales tax. The appellants are not going behind the returns nor inquiring into the qualifications of the electors as in *Parsons* v. *Mason*, 223 Ark. 281, 265 S.W.2d 526 (1954) and *Vance* v. *Johnson*, 238 Ark. 1009, 386 S.W. 2d 240 (1965).

The appellants are questioning the power of the quorum court to adopt a 1% use tax in Article 2 of Ordinance 82-OR-12 passed on March 23, 1982. Until that Ordinance was passed there had been no mention of a use tax in any public expression by the court officials. Before a tax can be enacted, a referendum is required by article 16, section 11, of the Constitution of the State of Arkansas. This Ordinance is an attempt to enact a tax without a referendum.

■■ The citizens are entitled to be informed by plain language about what they are voting, and this court has long insisted on that standard. For example, in *Arkansas - Missouri Power Corporation* v. *City of Rector*, 214 Ark. 649, 217 S.W.2d 335 (1949), the city council passed an ordinance calling for an election in which the citizens would decide whether or not the city should issue and sell bonds in the amount of $65,000, "to build and construct an electric light plant." What the ballot title did not tell the voters was that the cost of the plant would be more than twice that amount. The city defended on the basis that at mass meetings and discussions at council meetings it was explained that the plant could not be built for the amount stated in the ballot title. This court stated in *Arkansas - Missouri Power Corporation, supra*, at 654, that "The ballot title is the final word of information and warning to which the electors had the right to look as to just what authority they were asked to confer, . . ."

■ To suggest, as appellees do, that references to acts of the legislature in a ballot title were sufficient to inform voters they were not only authorizing a sales tax but also a use tax is like suggesting that mass meetings and city council discussions will sufficiently supply missing necessary information in a ballot title. The voters do not have ready access to the acts of the legislature, and we cannot presume they know what repealing effects a later act may have on a former act. Employing the phrase "sales tax" with no mention of "use tax" is at best misleading, even if a referenced act in the ballot title clearly and specifically requires a use tax to be imposed if a sales tax is imposed.

Reversed and remanded.

Special Justice DON H. SMITH concurs.

HAYS and PURTLE, JJ., not participating.