The Honorable Jodie Mahony State Senator 106 West Main, Suite 406 El Dorado, AR 71730
Dear Senator Mahony:
This is in response to your request for an opinion on several questions concerning the levy of a sales tax in Union County, Arkansas. You state that currently Union County has a one percent (1%) local sales tax for general operation purposes, and that it would like to levy another 1% local sales tax for garbage collection and disposal and for capital improvement projects. You state that the ballot title would read:
 `One cent (1%) Sales and Use Tax for Solid Waste and Capital Improvement Projects.' The local governments (cities and county) must annually outline capital projects following public hearings before appropriating revenues from the one cent (1%) tax. This tax would become effective January 1, 1998.
Your specific questions in this regard are as follows:
 1. Is it legal for Union County to ask the voters for another one percent (1%) local sales tax for solid waste and capital improvements?
2. Can Union County ask for this type of tax and breakdown of revenues?
3. Is the proposed ballot title legally sufficient?
It is my opinion that the answer to your first question is, generally, "yes," as long as the additional tax is levied under one of the separate Arkansas Code sections as discussed below.
In this regard, please note that I have enclosed a copy of Attorney General Opinion 93-078, wherein it was concluded that a county could levy a one cent (1%) sales and use tax under A.C.A. §§ 26-74-201 et seq.
(hereinafter "subchapter 2") for general county purposes, and a separate 1% sales and use tax under A.C.A. §§ 26-74-301 et seq. (hereinafter "subchapter 3") for general purposes. See also Op. Att'y Gen. 96-004. You have not indicated under which subchapter the existing sales tax was levied. I assume, however, that it was levied pursuant to one of these two subchapters.
If that is in fact the case, it is my opinion that the levy of another sales and use tax, under the other subchapter, for solid waste and capital improvements would as a general matter be lawful. Both of these subchapters provide for designated uses of the tax proceeds. See A.C.A. §§ 26-74-208(c) (Supp. 1995) and 26-74-308(c) (Supp. 1995). Thus, the conclusion reached in Opinion 93-078 (enclosed herein) regarding the levy of a separate 1% sales and use tax under subchapters 2 and 3 for general county purposes would, in my opinion, also apply with respect to a tax levied for designated purposes. That is, an additional 1% sales and use tax for designated purposes such as solid waste and capital improvements may, in my opinion, be lawfully levied under the other subchapter following a 1% levy for general purposes.
With regard to your second question, I assume that this refers to the language in the ballot title requiring that capital projects be annually outlined following public hearings before revenues are appropriated. I believe this raises the issue of the extent to which cities' use of theirper capita share of the sales tax moneys is impacted by the ballot title's designation of uses. See generally Op. Att'y Gen. 96-057 at 1 (copy enclosed), citing A.C.A. §§ 26-74-208(c) and 26-74-308(c).
It must be noted in this regard that an initial question may arise concerning the precise intent under this ballot title. I cannot construe or interpret local ordinances because I lack the necessary resources and the authority for such an analysis. With regard to this particular ballot title, therefore, I am unable to determine whether it is in fact intended to require that the cities use their per capita share of the tax proceeds for the designated uses, i.e., "Solid Waste and Capital Improvement Projects." If that is in fact the intent, however, I must decline to opine on the matter because that issue is currently on appeal to the Arkansas Supreme Court in the case of Daniel v. Jones, et al., No. E95-685-First (White Co. Chancery Ct.) The Chancery Court in that case held that the ballot title's designation of uses cannot control the use of the cities' share of any sales tax revenue. Id. FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER at 9. This ruling has been appealed. The long-standing policy of this office dictates that an opinion not be rendered on matters in litigation. I thus must decline to address your second question at this time.
The White County ruling is, of course, not binding in Union County. The ruling does, however, call into doubt an effort to unilaterally designate the cities' use of their countywide sales tax proceeds. If that is what Union County intends to accomplish, therefore, prudence probably dictates that this be pursued through agreement with the cities rather than through this ballot title. Local counsel should be consulted in this regard.
In response to your third question, I must note that while the Attorney General certifies the sufficiency of popular names and ballot titles pursuant to A.C.A. § 7-9-107, my review thereunder is limited to statewide measures. See A.C.A. § 7-9-101(1), (2). Determining the sufficiency of a local ballot title may require, moreover, reference to other sources to ascertain local legislative intent, such as the ordinance calling for the election and the notice of the election. See generally Arkansas-MissouriPower Corp. v. City of Rector, 214 Ark. 649, 217 S.W.2d 335 (1949).
As stated by the Arkansas Supreme Court, however, the ballot title "is the final word of information and warning to which the electors [have] the right to look as to just what authority they [are] asked to confer. . . ." Ragan v. Venhaus, 289 Ark. 266, 271, 711 S.W.2d 467 (1986), quoting City of Rector, supra. The court in Ragan, supra, stated that it has "long insisted" that "citizens are entitled to be informed by plain language about what they are voting. . . ." 289 Ark. at 271. See alsoCity of Rector, 214 Ark. at 654 (regarding the "ordinary meaning" of the ballot title).
The county must therefore determine, with the assistance of its local counsel, whether the plain language or the ordinary meaning of the words used adequately informs the voters of what they are being asked to approve. This is, in my opinion, the governing test of the ballot title's sufficiency.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh