Mr. Sheffield Nelson, Esquire Jack Nelson Jones Fink Jiles Gregory, P.A. 425 West Capitol Avenue, Suite 3400 Little Rock, Arkansas 72201
Dear Mr. Nelson:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated act. You have previously submitted a similar measure which was rejected by this Office due to concerns over the ballot title language and possible ambiguities in the text of your proposed measure. See Op. Att'y Gen. 2008-011. Your popular name and ballot title are as follows:
 Popular Name THE NATURAL GAS SEVERANCE TAX ACT OF 2008 Ballot Title AN ACT PROPOSING THAT EFFECTIVE JANUARY 1, 2009, THE SEVERANCE TAX ON NATURAL GAS EXTRACTED FROM WITHIN THE STATE OF ARKANSAS BE INCREASED FROM THREE-TENTHS OF ONE CENT (3/10 OF $.01) PER 1,000 CUBIC FEET TO SEVEN PERCENT (7.0%) OF THE MARKET VALUE OF SUCH NATURAL GAS AT THE TIME SUCH NATURAL GAS IS EXTRACTED; CREATING THE "2008 NATURAL GAS SEVERANCE TAX FUND"; PROVIDING *Page 2 
THAT ALL TAXES, PENALTIES AND COSTS COLLECTED BY THE DIRECTOR OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION FROM THE SEVERANCE TAX ON NATURAL GAS SHALL BE DEPOSITED IN THE STATE TREASURY INTO THE 2008 NATURAL GAS SEVERANCE TAX FUND AND SHALL BE SPECIAL REVENUES; PROVIDING THAT BASED UPON MONTHLY SEVERANCE TAX REPORTS FILED WITH THE DEPARTMENT OF FINANCE AND ADMINISTRATION UNDER SECTION 26-58-114, THE DIRECTOR SHALL CERTIFY TO THE STATE TREASURER THE AMOUNT OF SEVERANCE TAXES WHICH WOULD HAVE BEEN COLLECTED BY THE STATE OF ARKANSAS FOR SUCH MONTH BASED UPON A SEVERANCE TAX RATE ON NATURAL GAS OF THREE-TENTHS OF ONE CENT (3/10 PER $0.01) PER 1,000 CUBIC FEET; PROVIDING THAT BASED UPON SUCH CERTIFICATION, ON THE FIFTH DAY OF THE MONTH FOLLOWING THE MONTH WHEN DEPOSITS INTO THE FUND ARE RECEIVED, THE STATE TREASURER SHALL TRANSFER THAT AMOUNT TO THE FUNDS SET FORTH IN SECTION 26-58-124(B)(1), (B)(2)(C), AND (B)(2)(D) OF THE ARKANSAS CODE; PROVIDING THAT ALL REVENUES REMAINING IN THE 2008 NATURAL GAS SEVERANCE TAX FUND SHALL ON THE LAST BUSINESS DAY OF EACH CALENDAR MONTH BE DIVIDED AND DISTRIBUTED BY THE STATE TREASURER WITH FIFTY-SIX PERCENT (56%) TO THE STATE HIGHWAY AND TRANSPORTATION DEPARTMENT FUND; TWELVE PERCENT (12%) TO THE COUNTY AID FUND; TWELVE PERCENT (12%) TO THE MUNICIPAL AID FUND; AND TWENTY PERCENT (20%) FOR PUBLIC INSTITUTIONS OF HIGHER EDUCATION IN THE STATE OF ARKANSAS TO BE DISTRIBUTED BY THE DEPARTMENT OF HIGHER EDUCATION AND THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO PUBLIC INSTITUTIONS OF HIGHER EDUCATION IN ARKANSAS IN ACCORDANCE WITH THE FUNDING *Page 3 
FORMULA FOR FOUR-YEAR PUBLIC UNIVERSITIES AND TWO-YEAR PUBLIC COLLEGES IN THE STATE OF ARKANSAS (IN SECTIONS 6-61-228 AND 6-61-229 OF THE ARKANSAS CODE), OR SUCH OTHER FUNDING FORMULA FOR FOUR-YEAR PUBLIC UNIVERSITIES AND TWO-YEAR PUBLIC COLLEGES, AS THE GENERAL ASSEMBLY MAY ENACT; PROVIDING THAT ANY EXPENDITURE OR DISTRIBUTION OF MONIES FROM ANY OF THE FUNDS SET FORTH IN THE ACT, OR BY ANY AGENCY FOR HIGHER EDUCATION, SHALL BE MADE ONLY AFTER, AND SUBJECT TO, APPROPRIATIONS ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS; PROVIDING THAT THE ACT SHALL BE EFFECTIVE ON JANUARY 1, 2009; PROVIDING THAT THE GENERAL ASSEMBLY MAY ENACT ANY AND ALL LAWS NECESSARY TO CARRY OUT THE INTENT OF THE ACT; PROVIDING THAT ANY AND ALL LAWS, OR PARTS THEREOF, IN CONFLICT WITH THIS ACT ARE REPEALED; AND FOR OTHER PURPOSES
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, *Page 4 29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277,285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, *Page 5 
or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v.McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that your popular name is sufficient and it is hereby certified as submitted. In my judgment, however, minor additions and changes to your ballot title are necessary in order to adequately inform the voters of the substance of your proposal.
In this regard, I have inserted language to make it clear to the voters that the initial amount that would have been collected under the current natural gas severance tax rate is distributed in the same manner as under current law. Your proposed ballot title merely refers to that amount being transferred "to the funds set forth in Section26-58-124(b)(1), (b)(2)(C), and (b)(2)(D) of the Arkansas Code. . . ." I am concerned that the voters may not be fully apprised, from mere reference to these statutory subsections, that this distribution is consistent with the way such funds are distributed under current law. Although certainly, the issue depends upon the context, decisions of the Arkansas Supreme Court indicate that in some instances, "cross-references" to legislative acts or statutes may be insufficient to inform the voters of the substance of a measure. See, e.g., Ward v.Priest, 350 Ark. 345, 86 S.W.3d 884 (2002), Hannah, J., concurring and dissenting ("A voter is . . . entitled to be informed by plain language" and "Voters cannot be required to refer to statutes or an act"),citing Daniel v. Jones, 332 Ark. 489, 966 S.W.2d 226 (1998). See also,Ragan v. Venhaus, 289 Ark. 266, 711 S.W.2d 467 (1986). But see, Ward v.Priest, supra, Arnold and Imber, J.J. (distinguishing Daniel andRagan and holding the ballot title at issue therein sufficient because, by referencing applicable federal programs, it adopted an "established benchmark," also relying on Walker v. Priest, 342 Ark. 410,29 S.W.3d 657 (2000) andPorter v. McCuen, 310 Ark. 562, 839 S.W.2d 512 (1992) as instances of "similar cross-references" that the court has held to be sufficient).[1] *Page 6 
In addition, your proposed ballot title summarizes Section 4 of your proposed Act by stating that ". . . the General Assembly may enact any and all laws necessary to carry out the intent of the act. . . ." (Emphasis added). The actual text of your measure, however, states that the General Assembly "shall" adopt and enact any and all such laws. I have therefore made a minor change to your ballot title to reflect this fact.
The following ballot title is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title AN ACT PROPOSING THAT EFFECTIVE JANUARY 1, 2009, THE SEVERANCE TAX ON NATURAL GAS EXTRACTED FROM WITHIN THE STATE OF ARKANSAS BE INCREASED FROM THREE-TENTHS OF ONE CENT (3/10 OF $.01) PER 1,000 CUBIC FEET TO SEVEN PERCENT (7.0%) OF THE MARKET VALUE OF SUCH NATURAL GAS AT THE TIME SUCH NATURAL GAS IS EXTRACTED; CREATING THE "2008 NATURAL GAS SEVERANCE TAX FUND"; PROVIDING THAT ALL TAXES, PENALTIES AND COSTS COLLECTED BY THE DIRECTOR OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION FROM THE SEVERANCE TAX ON NATURAL GAS SHALL BE DEPOSITED IN THE STATE TREASURY INTO THE 2008 NATURAL GAS SEVERANCE TAX FUND AND SHALL BE SPECIAL REVENUES; PROVIDING THAT BASED UPON MONTHLY SEVERANCE *Page 7 
TAX REPORTS FILED WITH THE DEPARTMENT OF FINANCE AND ADMINISTRATION UNDER SECTION 26-58-114, THE DIRECTOR SHALL CERTIFY TO THE STATE TREASURER THE AMOUNT OF SEVERANCE TAXES WHICH WOULD HAVE BEEN COLLECTED BY THE STATE OF ARKANSAS FOR SUCH MONTH BASED UPON A SEVERANCE TAX RATE ON NATURAL GAS OF THREE-TENTHS OF ONE CENT (3/10 PER $0.01) PER 1,000 CUBIC FEET; PROVIDING THAT BASED UPON SUCH CERTIFICATION, ON THE FIFTH DAY OF THE MONTH FOLLOWING THE MONTH WHEN DEPOSITS INTO THE FUND ARE RECEIVED, THE STATE TREASURER SHALL TRANSFER THAT AMOUNT TO THE FUNDS SET FORTH IN SECTION 26-58-124(B)(1), (B)(2)(C), AND (B)(2)(D) OF THE ARKANSAS CODE, IN THE SAME MANNER AS IT WOULD BE DISTRIBUTED UNDER CURRENT LAW; PROVIDING THAT ALL REVENUES REMAINING IN THE 2008 NATURAL GAS SEVERANCE TAX FUND SHALL ON THE LAST BUSINESS DAY OF EACH CALENDAR MONTH BE DIVIDED AND DISTRIBUTED BY THE STATE TREASURER WITH FIFTY-SIX PERCENT (56%) TO THE STATE HIGHWAY AND TRANSPORTATION DEPARTMENT FUND; TWELVE PERCENT (12%) TO THE COUNTY AID FUND; TWELVE PERCENT (12%) TO THE MUNICIPAL AID FUND; AND TWENTY PERCENT (20%) FOR PUBLIC INSTITUTIONS OF HIGHER EDUCATION IN THE STATE OF ARKANSAS TO BE DISTRIBUTED BY THE DEPARTMENT OF HIGHER EDUCATION AND THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO PUBLIC INSTITUTIONS OF HIGHER EDUCATION IN ARKANSAS IN ACCORDANCE WITH THE FUNDING FORMULA FOR FOUR-YEAR PUBLIC UNIVERSITIES AND TWO-YEAR PUBLIC COLLEGES IN THE STATE OF ARKANSAS (IN SECTIONS 6-61-228
AND 6-61-229 OF THE ARKANSAS CODE), OR SUCH OTHER FUNDING FORMULA FOR FOUR-YEAR PUBLIC UNIVERSITIES AND TWO-YEAR PUBLIC COLLEGES, AS THE GENERAL *Page 8 
ASSEMBLY MAY ENACT; PROVIDING THAT ANY EXPENDITURE OR DISTRIBUTION OF MONIES FROM ANY OF THE FUNDS SET FORTH IN THE ACT, OR BY ANY AGENCY FOR HIGHER EDUCATION, SHALL BE MADE ONLY AFTER, AND SUBJECT TO, APPROPRIATIONS ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS; PROVIDING THAT THE ACT SHALL BE EFFECTIVE ON JANUARY 1, 2009; PROVIDING THAT THE GENERAL ASSEMBLY SHALL ENACT ANY AND ALL LAWS NECESSARY TO CARRY OUT THE INTENT OF THE ACT; PROVIDING THAT ANY AND ALL LAWS, OR PARTS THEREOF, IN CONFLICT WITH THIS ACT ARE REPEALED; AND FOR OTHER PURPOSES
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I do not find it critical, however, that your proposed ballot title does not inform the voters of the purposes for which this initial amount is distributed under current law. Your measure, to this extent, makes no changes to existing law. See, e.g., May v. Daniels,359 Ark. 100,194 S.W.3d 771 (2004) (". . . a ballot title is not insufficient merely because it fails to reflect the current state of the law"),citing Becker v. Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980). See also,Porter v. McCuen, 310 Ark. 562, 839 S.W.2d 512 (1992) (ballot title was not deficient for failing to disclose that 3% of tax proceeds would be allocated to constitutional officers fund and the state central services fund because both of these allocations were mandated under existing law and not by way of provisions of the proposed act); and Bradley v.Hall, 220 Ark. 925, 251 S.W.2d 470 (1952) (". . . the adequacy of the title is directly related to the degree to which it enlightens the voter with reference to the changes that he is given the opportunity of approving").