Mr. Frederick N. Scott Little Red Hen Committee Post Office Box 13584 Maumelle, Arkansas 72113
Dear Mr. Scott:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See
Ops. Att'y Gen. Nos. 2010-018, 2010-007, 2008-035, 2008-018, 2007-327, 2007-287 and 2006-118. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name LOCAL TERM LIMITS AMENDMENT Ballot Title AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS RESTRICTING THE RIGHT OF ANY PERSON TO SEEK ELECTION TO AN ELECTIVE OFFICE BEYOND THE LIMITS ESTABLISHED BY THIS AMENDMENT. THOSE LIMITS ARE: ONE TERM FOR OFFICES THAT HAVE A *Page 2 
TERM LENGTH OF EIGHT OR MORE YEARS; TWO TERMS FOR OFFICES THAT HAVE TERM LENGTHS OF THREE OR MORE YEARS BUT LESS THAN EIGHT YEARS; THREE TERMS FOR OFFICES THAT HAVE TERM LENGTHS OF TWO OR FEWER YEARS. OFFICES SPECIFICALLY LIMITED BY AMENDMENT 73 [THE ARKANSAS TERM LIMITATION AMENDMENT] ARE EXCLUDED FROM THE EFFECTS OF THIS AMENDMENT. JUSTICES AND JUDGES, AS DEFINED IN AMENDMENT 80, ARE ALSO EXCLUDED FROM THE EFFECTS OF THIS AMENDMENT. IN GENERAL TERMS, THIS AMENDMENT ESTABLISHES TERM LIMITS FOR ALL ELECTIVE OFFICES, EXCEPT OFFICES OF THE JUDICIARY AS DEFINED IN AMENDMENT 80, AND THOSE OFFICES TERM-LIMITED BY AMENDMENT 73.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certificationnor rejection of a popular name and ballot title reflects my view ofthe merits of the proposal. This Office has been given no authorityto consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the *Page 3 
proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment or act.See Arkansas Women's Political Caucus v. Riviere,283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) *Page 4 
honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Section 4 of the proposal provides that "[f]or purposes of this amendment, a person who has served a partial term in an office shall be considered to having served a full term in that office." The language is garbled and thus not susceptible to accurate description in a ballot title.
 2. Section 5 of the proposal provides that it does not apply to "the Judicial Offices, i.e. the Judges and Justices, as defined in Amendment 80." Neither "Judicial Offices," "Judges," nor "Justices" is defined in Amendment 80. The proposal's indication that Amendment 80 does define one or more of those terms makes the proposal internally ambiguous and not susceptible to accurate description in a ballot title.
 3. Section 6 of the proposal provides that "[o]nly those offices that are under the jurisdiction of the State of Arkansas will be affected by this amendment." The Arkansas Constitution is inherently incapable of affecting the terms of offices that are outside the "jurisdiction of the State of Arkansas." In other words, section 6 of your proposal is a truism, stating nothing not already implied by its terms. As such, section 6 is not susceptible to accurate description in a ballot title. Additionally, any such description likely would be misleading, in that it *Page 5 
could imply that only statewide offices will be affected, when in fact the intent appears to be to impose term limits on local, not statewide, offices.
 4. Section 7 of the proposal provides that it "shall take effect and be in operation on January 1, of the year following its enactment." Local officials commonly take office on January 1. See, e.g., A.C.A. 14-42-201 (Supp. 2009) (municipal officials). The application of your proposal's substantive provisions depends in part on whether a person "is currently serving" in an office. Consider a person who is elected to a second term in an office having a term of four years, and who takes office for such second term on the same day your proposal becomes effective. A voter considering your proposal likely would regard as material whether the person "is currently serving" the first or second term on the effective date. The proposal does not provide a clear answer to the question and therefore cannot be unambiguously summarized.
In addition to the ambiguities discussed above, I note the following matters you may wish to consider in connection with your preparation of the ballot title for any proposal modified in response to this letter:
 1. Your ballot title designates one group of offices to which the proposal does not apply by referring to Amendment 73 rather than by listing or otherwise describing such offices. The Supreme Court of Arkansas has held that "mere reference" to acts of the legislature may not be enough to inform the voters, in plain language, of what they are being asked to vote on. See, e.g., Daniel v. Jones, 332 Ark. 489, 501, 966 S.W.2d 226 (1998); Ragan v. Venhaus, 289 Ark. 266, 711 S.W.2d 467 (1986); cf. Ward v. Priest, 350 Ark. 345, 86 S.W.3d 884 (2002) (references to definitions of words "food" and "medicine" sufficient). It is at least possible that the court would view a "mere reference" to a constitutional amendment in the same manner.
 2. Your ballot title uses the phrase "restricting" to refer to the effect the proposal would have on a person's right to seek elective office "beyond *Page 6 
the limits established" by the proposal. In my view, the language used may be misleading inasmuch as it may suggest a constrained but continuing right to seek office "beyond the limits established" by the proposal. In fact, of course, your proposal completely eliminates the right to seek office "beyond the limits established."
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your *Page 7 
convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM/cyh